NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 8, 2020
Decided May 6, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2934

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>MALCOLM CARPENTER,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:13-cr-00930-1<br><br>Rebecca R. Pallmeyer,<br>*Chief Judge.* |

**O R D E R**

A jury found Malcolm Carpenter guilty of multiple offenses related to his role in a 2013 bank robbery. In his briefs on appeal, he argued his trial counsel was constitutionally ineffective for failing to file reply briefs for two pre-trial motions. Carpenter also asserted the jury instructions used by the district court deprived him of his Sixth Amendment right to a fair trial. After oral argument, Carpenter withdrew his ineffective assistance of counsel claim in order to preserve it for post-conviction review, leaving only his jury instruction claim before this court. We conclude that Carpenter's remaining claim fails because he waived the right to object to the jury instruction he now challenges. Even under plain error review, Carpenter's jury instruction argument lacks merit because he fails to show the jury instruction at issue misled the jury.

# I. Background

Two men, displaying firearms, robbed a Bank of America branch on December 4, 2013. The men stuffed a green and white tote bag with around $80,000 in cash and fled down a trail towards a nearby apartment building. Unbeknownst to the bank robbers, the bank employees hid GPS transmitters in the stolen funds.

Investigating officers reviewed the bank's surveillance photos and videos which showed the bank robbers fleeing the crime scene in the direction of the apartment building. Officers set up a perimeter around that property and, with the assistance of FBI agents and a GPS tracker, surrounded a gray Volvo. Officers ordered the vehicle's occupants to exit the vehicle, and Carpenter and co-defendant Justin Williams exited the car. Officers searched the car and recovered a bag similar to the one used in the bank robbery, roughly $80,000 in cash, the bank's GPS transmitters, and a jacket similar to the one worn by one of the two bank robbers. But during this search, officers were unable to recover the weapons used during the commission of the crime. Nevertheless, Carpenter and Williams were arrested and taken into custody.

Officers searched the trail between the bank and the apartment building along with nearby areas but were still unable to find any firearms. Officers then towed the Volvo to the Homewood, Illinois Police Department, where they performed a more thorough search of the vehicle, which also did not yield the firearms. The FBI contacted Chicago Police Sergeant John Hamilton, an expert in finding hidden compartments in vehicles. Hamilton performed an extensive search and discovered two firearms hidden behind the Volvo's radio.

Carpenter was indicted on three counts: committing a bank robbery in violation of 18 U.S.C. § 2113(a); brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and, because Carpenter had been convicted of bank robbery in the past, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). After his indictment but before his trial, Carpenter's counsel at the time, Cerise Fritsch, moved to suppress the firearms recovered by Sergeant Hamilton on the ground that his search was unconstitutional. Fritsch also moved to sever the felon-in-possession count from the other counts arguing that the jury would be unduly prejudiced against Carpenter if it became aware of his prior bank robbery conviction. In the motion to sever, defendant's counsel requested in the alternative that the court conduct a two-stage trial in which the felon-in-possession count would be tried separately from the other counts but by the same jury.

Fritsch withdrew as Carpenter's counsel and was replaced by Puyish Chandra. Chandra requested seven extensions to file the reply brief and affidavit in support of the motion to suppress and five extensions to file the reply brief in support of the motion to sever. Although the district court granted these extensions, Chandra ultimately chose to not file reply briefs or other materials related to either motion. The district court denied both motions.

Carpenter waived his right to counsel and proceeded to trial pro se. Before trial, the government filed proposed jury instructions, including Instruction #12 which read:

> You may consider evidence that the defendant was convicted of a crime only for the purpose of [deciding the believability of his testimony and] determining whether he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. You may not consider it for any purpose.

Carpenter did not object to Instruction #12, and it was later read to the jury. At trial Carpenter testified in his own defense, and although he had the option to stipulate to his previous felony conviction for bank robbery, he chose to testify about it. The jury found Carpenter guilty on all three counts.

## II. Analysis

This court has often advised litigants to not raise ineffective assistance of counsel claims on direct appeal. *See United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("[W]e have said many times that it is imprudent to present an ineffective-assistance argument on direct appeal."). Because ineffective assistance of counsel claims "usually fall[] short of finding support in the original trial record," these claims are best raised in collateral proceedings. *United States v. Hardamon*, 188 F.3d 843, 847 (7th Cir. 1999). When such claims are instead raised on direct appeal, "appellate review is limited by the plain-error standard of Fed. R. Crim. P. 52(b)." *Flores*, 739 F.3d at 341. Because litigants get "to argue ineffective assistance, and for that matter any other contention, just once," raising an ineffective assistance claim on direct appeal may preclude litigants from raising the same claim on collateral review. *Id*. During oral argument, Carpenter's counsel was advised of this case law and, after discussing the issue with Carpenter, later withdrew the ineffective assistance claim. So we dismiss that claim without prejudice. This leaves for our review only Carpenter's inadequate jury instruction claim.

Carpenter argues Jury Instruction #12 was so inadequate, given the evidence presented to the jury of his prior conviction for bank robbery, that he was deprived of his right to a fair trial. Before discussing the merits of Carpenter's argument, first it is necessary to decide whether Carpenter waived this argument. Carpenter admits he consented to Jury Instruction #12 before trial but urges this court to apply plain error review.

As we have stated in the past, "[t]he right to object to jury instructions on appeal is waived if the record illustrates that the defendant approved of the instructions at issue." *United States v. Caguana*, 884 F.3d 681, 689 (7th Cir. 2018) (citing *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996)). To determine whether a litigant waived an argument, the "touchstone" inquiry is whether that litigant made "a knowing and intentional decision." *United States v. Freed*, 921 F.3d 716, 720 (7th Cir. 2019) (citation omitted). Carpenter's appellate counsel asserts Carpenter could not have knowingly and intentionally waived his right to appeal Jury Instruction #12 because of his pro se status. His counsel further claims Carpenter was "lulled" by the district court into believing he could not advocate for more extensive instructions. Neither argument has merit. This court has never held pro se defendants are unable to make knowing or intentional decisions at trial. There is no basis in this record for such a rule, and we decline to articulate such a rule here. The record shows Carpenter was fully aware that he could challenge proposed jury instructions and proffer alternative instructions. The district court discussed thirty-two jury instructions with Carpenter, and he challenged seven of them. Carpenter articulated his concerns and voiced changes that would remedy those concerns. All of this demonstrates Carpenter knowingly and intentionally waived his objections to Jury Instruction #12 when he consented to it in the jury instruction conference at trial.

Even under plain error review, Carpenter's jury instruction argument is without merit. When a defendant fails to raise an objection to jury instructions before the district court, we review for plain error in accordance with Federal Rule of Criminal Procedure 52(b). *See United States v. Matthews*, 505 F.3d 698, 707 (7th Cir. 2007). In the case of legally accurate jury instructions, reversal is appropriate only "if the instructions as a whole [were] insufficient to inform the jury correctly of the applicable law and the jury [wa]s thereby misled." *United States v. Madoch*, 149 F.3d 596, 599 (7th Cir. 1998). Jury Instruction #12 correctly informed the jury that it should not consider Carpenter's conviction in a prejudicial fashion, and Carpenter has not argued Jury Instruction #12 misled the jury. Carpenter's assertion here is only that the jury instruction was not adequately "fulsome." But virtually all jury instructions could be lengthened or made more extensive in some

manner. Without a showing that the instruction Carpenter challenges misled the jury, his claim does not demonstrate reversible error.

For these reasons, we DISMISS WITHOUT PREJUDICE Carpenter's ineffective assistance of counsel claim. In all other respects, this appeal is AFFIRMED.